UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEAN NOEL,                                                        Case No.:   1:17-CV-23078

           Plaintiff,

v.

SDH SERVICES WEST, LLC., A FLORIDA LLC
COMPANY; AND MIAMI BEACH HEALTHCARE GROUP, LTD.
D/B/A AVENTURA
HOSPITAL & MEDICAL CENTER
           Defendants.
_____/

## SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, **JEAN NOEL** ("Mr. Noel" also known as "Plaintiff") by and through his undersigned counsel, hereby sues **MIAMI BEACH HEALTHCARE GROUP, LTD.  D/B/A AVENTURA HOSPITAL & MEDICAL CENTER** ("Defendant Hospital") and **SDH SERVICES WEST, LLC., A FLORIDA** ("Defendant SDH"), collectively referred to as "Defendants",   for damages in excess of $ 75, 000 for violations of his civil rights occurring during his employment relationship with Defendant.  The Plaintiff sues Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, Section 760.01 *et seq.,* Florida Statutes ("FCRA"), and Defamation.

## JURISDICTION AND VENUE

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331,

1

1337 and 1343.  This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42 U.S.C. Sections 1981 and 1981a.

2. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

3. The Plaintiff is African-American reside in Dade County, Florida.

4. The Defendants are doing business in Dade, Florida and located within this judicial district.

5. Defendants are a "person" within the meaning of 42 U.S.C. sec. 2000e(a) and an "employer" within the meaning of 42 U.S.C. Sec. 2000e(b).

6. The United States Equal Employment Opportunity Commission ("EEOC") received timely charges (Charge No. 510-2016-00800).
The charges allege that Defendant Hospital discriminated against him on the
basis of his Race.
The Plaintiff  filed this instant as result of the violations set forth in this instant complaint.

7. The Plaintiff protected rights were violated.

**CLAIM FOR RELIEF**

8. Plaintiff was employed as a Housekeeper by Defendant SDH in which the Company contracted by Defendant Hospital, in which the assignments and <u>control of Plaintiff's employment came from Defendant Hospital</u>.

9. During the Plaintiffs employment with Defendant Hospital the Director of Defendant Hospital, Mr. William Dick, stating in Staff meetings, "Blacks worked hard when they were Slaves but became lazy after they were freed." .  This was obviously directed at

2

the Plaintiff. There were comments made by Mr. Dick towards Plaintiff regarding his Race, that were derogatory in nature and made to create a hostile work environment. This occurred more than one time and was said on routine basis by Defendant Hospital Management.

10. That the Plaintiff as a result of his complaints to Management and Supervisors the Defendant Hospital failed to promote the Plaintiff, and took retaliatory actions against the Plaintiff. These were done by defaming the Plaintiff by the Defendant Hospital by accusing him of discipline of his actions that Plaintiff undressed himself at Defendant Hospital in front of Defendant Hospital patient and was accused of having sexual intercourse with patients that were not supported by the facts and were untrue, causing his reputation to be damaged based upon these defamatory statements made by the Defendant Hospital to his employer Defendant SDH, which led to his termination.

11. Complaints were made to Defendant SDH which took retaliatory steps and terminated the Plaintiff without investigation.

12. All conditions precedent to filing of suit have been performed or have occurred.

13 The Plaintiff is responsible for reasonable attorney fees.

## COUNT I

## DEFENDANT HOSPITAL HAS VIOLATED TITLE VII
### (HOSTILE WORK ENVIRONMENT)

14. Plaintiff adopts and realleges paragraphs 1-13 above as if incorporated herein.

15. As described in Paragraph 8-9, which is the basis of Plaintiffs hostile case, and control of Plaintiffs employment by Defendant Hospital.

16. The Plaintiff complained to Defendant Hospital Management and Supervisors as

3

described in Paragraph 9-10.

17. The aforementioned race, being Afircan-American based hostile work environment were sufficiently severe and pervasive to affect the terms and conditions of Plaintiff employment, and to create an intimidating, hostile, and offensive work environment in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

18. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employees because of his race.

19. The unlawful employment practices complained of were intentional.

20. The unlawful employment practices against the Plaintiff, were done with malice or reckless indifference to the Plaintiff's federally protected rights.

21. As a direct and proximate result of Defendant's Hospital unlawful employment practices, the Plaintiff were emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant Hospital awarding the Plaintiff Award compensatory and punitive damages to fully compensate for the pain, suffering, and physical ailments caused by Defendant's Hospital discriminatory conduct, pursuant to and within statutory limitations of Title VII, attorney's fees and costs, together with such other relief as this Court deems just and proper.

### COUNT II

### DEFENDANT HOSPITAL HAS VIOLATED
### 42 U.S.C SECTION 1981 a

22. Plaintiff adopts and realleges paragraphs <u>13</u> above as if <u>incorporated herein</u>.

23. As described in Paragraph 8-9, which is the basis of Plaintiffs hostile case, and control of Plaintiffs employment by Defendant Hospital.

24. The Plaintiff complained to Management and Supervisors of Defendant Hospital as described in Paragraph 9-10.

25. The aforementioned unwelcome race failure to promote were sufficiently severe and pervasive to affect the terms and conditions of Plaintiff employment, and to create an intimidating, hostile, and offensive work environment in violation of 1981.

26. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employees because of her race.

27. The unlawful employment practices complained of were intentional.

28. The unlawful employment practices against the Plaintiff, were done with malice or reckless indifference to the Plaintiff's federally protected rights.

29. As a direct and proximate result of Defendant's Hospital unlawful employment practices,

5

the Plaintiff were emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant Hospital awarding the Plaintiff Award compensatory and Punitive damages to fully compensate for the pain, suffering, and physical ailments caused by Defendant's discriminatory conduct, pursuant to and within statutory limitations of 1981, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

### DEFENDANT HOSPITAL AND SDH HAVE VIOLATED TITLE VII
### (RETAILIATION)

30.  Plaintiff adopts and realleges paragraphs 1-13 above as if incorporated herein.

31.  As described in Paragraph 8-9, which is the basis of Plaintiffs hostile case, and control of Plaintiffs employment by Defendant Hospital.

32.  The Plaintiff complained to Management and Supervisors of Defendant Hospital as described in Paragraph 9-10.

32.  The Plaintiff was retaliated against as described in above paragraphs and was terminated by Defendant SDH without any investigation of false accusations made by the Defendant Hospital.

33.  The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his

6

status as employees because of his race and national origin based upon his complaints.

34. The unlawful employment practices complained of were intentional.

35. The unlawful employment practices against the Plaintiff, were done with malice or reckless indifference to the Plaintiff's federally protected rights.

36. As a direct and proximate result of Defendant's (Both Hospital and SDH) unlawful employment practices, the Plaintiff were emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to their professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendants awarding the Plaintiff Award compensatory and punitive damages to fully compensate for the pain, suffering, and physical ailments caused by Defendant's discriminatory conduct, pursuant to and within statutory limitations of Title VII, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT V

## CLAIM FOR RELIEF

(Slander Per Se – Injury to Professional Reputation Against Defendants Hospital)

37. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-13 fully set forth at length herein.

38. Defendant Hospital made statements and publications described herein above described in Paragraph number 10. ("Statements") concerned Plaintiff and were false.

39. Defendant Hospital Statements were widely published and not privileged in any

manner.

40 . Defendant's Hospital Statements were made with reckless disregard of their truth or falsity and/or with malice.

41. Defendant's Hospital Statements were slanderous per se because they injure Plaintiff's professional reputation.

42. Defendant's Hosptial Statements forever falsely taint and permanently damage Plaintiff, in the eyes of public.

**WHEREFORE**, Plaintiff seeks judgment as follows:

Awarding Plaintiff all compensatory and punitive damages he has suffered, including consequential and incidental damages, as a result of Defendant Hosptial and wrongful conduct in an amount to be determined at trial.

## COUNT VI

CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress against Defendant Hospital )

43. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 to 13 as if fully set forth at length herein. Specifically for this Count Paragraph 10.

53. Defendant Hospital  Statements and conduct were extreme and outrageous.

54.. Defendants Hospital Statements and conduct have caused Plaintiff to suffer severe emotional distress.

55. Defendant Hospital  knew and intended that Plaintiff would suffer severe

emotional distress as a result of his Statements and conduct.

**WHEREFORE**, Plaintiff seeks judgment as follows:

Awarding Plaintiff all compensatory and punitive damages he has suffered, including consequential and incidental damages, as a result of Defendant Hospital and its wrongful conduct in an amount to be determined at trial.

**DEMAND FOR A JURY TRIAL**

Pursuant

To Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. sec. 1981a.

Dated October 16, 2017

.

        Respectfully submitted,

        Discrimination Law Center, P.A.
        Attorney for Plaintiff
        2255 Glades Road., Suite 324A
        Boca Raton, Florida 33431
        (954) 254-6430 /(561) 271-1769

        By:   *s/Jay F. Romano*
               Trial Counsel
               Jay F. Romano
               Florida Bar No.: 0934097

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to: this 1st day of November 2017 to counsel of record.

*s/ Jay F. Romano*
Jay F. Romano

10